UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

```
UNITED STATES OF AMERICA,        )
                                 )
        Plaintiff,                )
                                 )
    v.                           )        No. 05-10062
                                 )
JAVIER "JAVY" HERNANDEZ and      )
COURTNEY "C-NOTE" MORRIS,        )
                                 )
        Defendants.              )
```

# **O R D E R**

Before the Court is Defendant Courtney Morris's ("Morris") Motion to Quash Arrest and Suppress Evidence and Statements [Doc. #13]; and the Government's Response [Doc. #14]. For the reasons that follow, Morris's Motion will be granted in part and denied in part.

## BACKGROUND

On or about June 8, 2005, at approximately 1:43 p.m. in Peoria, Illinois, Morris was arrested by agents of the F.B.I. and Peoria Police Department and his automobile was confiscated, although no arrest warrant had been issued. Following his arrest, Morris made statements against his penal interest.

At approximately 3:45 p.m. on the same day, State Court Judge Collier issued warrants to search two residences located in Peoria, Illinois: (1) 1020 W. Gift, and (2) 2307 W. Virginia. At the residence located at 1020 W. Gift, an off-white, rock-like substance alleged to be crack cocaine, as well as three digital scales, were found. At the residence located at 237 W. Virginia, a 9 mm semi-automatic pistol, a shotgun, and over $120,000.00 in

U.S. currency were found.

Both search warrants were based on sworn affidavits signed by Sgt. J.W. Adams and Officer John P. Couve of the Peoria Police Department, and both affidavits were essentially the same. The affidavits describe surveillance conducted by the Peoria Police Department on June 8, 2005, during which officers observed Morris leave from his listed address at 237 W. Virginia, "**carrying a bag**." See [Docs. #13-2, 13-4] (emphasis added). Morris then parked in the alley behind 1020 W. Gift, exited his vehicle and "**carried a bag**" into the residence. Id. (emphasis added). Several minutes later, Morris returned to his vehicle, and re-entered the residence "**carrying a bag**." Id. (emphasis added). He remained at 1020 W. Gift for approximately 30 minutes, then drove to a BP gas station.

Morris entered the gas station, then returned to his vehicle and backed the vehicle up to a dumpster. A D.E.A. agent next observed Morris go on foot to the dumpster and "place a **gray bag like item** inside the dumpster." Id. (emphasis added). Morris then returned to his vehicle and left the gas station. Immediately thereafter, officers searched the dumpster and recovered a package containing 1 kilo of powder cocaine. No one went to the dumpster between the time Morris was there and the officers recovered the cocaine.

In addition to the above, the affidavits state that surveillance had been conducted on Morris over the previous 90 days. On one occasion, Morris was observed leaving 1020 W. Gift to get into a vehicle with an individual. Morris and the individual

drove around the block, and then Morris returned to 1020 W. Gift. Shortly thereafter, the individual was arrested and 29.3 grams of crack cocaine was seized.

## ANALYSIS

### I. There Was Probable Cause To Arrest Defendant

Morris argues his arrest was made without a warrant or probable cause, and is therefore illegal. He further argues any statements made following his arrest are fruits of the poisonous tree and must be excluded.

Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest. Maryland v. Pringle, 540 U.S. 366, 371 (2003). Here, the arresting officers observed Morris back his vehicle up to the dumpster and place a gray bag like item inside the dumpster. Immediately thereafter, the officers searched the dumpster, before anyone else approached, and recovered from the dumpster a package containing 1 kilo of powder cocaine. Thus, this Court is satisfied that there was probable cause to justify Morris' arrest. As a result, statements made by Morris following his arrest and Miranda warnings, were properly obtained.

### II. There Was No Probable Cause To Issue Search Warrants

Morris also argues that the seizure of evidence from both residences was illegal because the facts presented to the state court in both affidavits did not contain sufficient evidence to establish probable cause.

When, as here, an affidavit is the only evidence presented to the judge, "the warrant must stand or fall solely on the contents

of the affidavit." United States v. Roth, 391 F. 2d 507, 509 (7th Cir. 1967). The decision of the warrant-issuing judge should be overruled only when the supporting affidavit, "read as a whole in a realistic and common sense manner, fails to allege specific facts and circumstances to allow the judge to reasonably conclude that the items sought to be seized are associated with the crime and located in the place indicated." United States v. Spry, 190 F.3d 829, 835 (7th Cir. 1999).

Such specific facts and circumstances are wholly lacking in the affidavits in question here. It is stated that the officers observed Morris "**carrying a bag**" with him as he left his residence at 237 W. Virginia and entered 1020 W. Gift. Yet it is stated that they observed him place a "**gray like bag item**" inside the dumpster. This lack of adequate description of the item linking the cocaine in the dumpster with the residences in question requires the issuing judge to make one of two very large leaps in inference. Either it must be assumed that the "gray like bag item" Morris placed in the dumpster was the *same item* that he carried with him from 237 W. Virginia, and into 1020 W. Gift, or it must be assumed that Morris removed the "gray like bag item" *from inside the* "*bag*" that he was carrying to and from those residences. This is entirely too speculative. The "gray like bag item" could have just as likely been a completely different item that Morris had kept in his car for days prior to the events observed on June 8, or even an item that he received while in the gas station prior to walking to the dumpster.

While issuing judges are entitled to draw reasonable

4

inferences, and an officer's decision to obtain a warrant is *prima facie* evidence that he or she was acting in good faith, these two affidavits were "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." United States v. Leon, 468 U.S. 897, 923 (1984).

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant Courtney Morris's Motion [Doc. #13] is hereby DENIED as it relates to his request that the Court quash his arrest and suppress statements made against his penal interest.

IT IS FURTHER ORDERED that Defendant Courtney Morris's Motion [Doc. #13] is hereby GRANTED as it relates to his request that the Court suppress all evidence seized from the residences at 1020 W. Gift and 2307 W. Virginia.

ENTERED this  6th  day of July, 2006.


   /s/ Joe B. McDade   
JOE BILLY McDADE
United States District Judge